753 P.2d 153

The STATE of Arizona, Appellee,

v.

William Edward JOHNSON, Appellant.

No. 2 CA–CR 4729.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 17, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Janet Keating, Phoenix, for appellee.

Cole & O'Neil by Mark A. Higgins, Casa Grande, for appellant.

OPINION

LIVERMORE, Presiding Judge.

Defendant was found not guilty by reason of insanity of the crime of murder and was committed under the provisions of A.R.S. § 13–3994 to the Arizona State Hospital. At a hearing under that section in May 1986, the evidence clearly demonstrated that as a result of medication defendant's schizophrenia was in remission and he was no longer a danger to others. All the witnesses at the hearing were concerned, however, that if the defendant were unconditionally released he might stop taking medication and might, therefore, again become actively schizophrenic and dangerous. At the conclusion of the hearing the trial court found that "there has been proved by testimony by clear and convincing evidence that the defendant is no longer suffering from mental disease or defect" and ordered that defendant be conditionally released pursuant to A.R.S. § 36–540.01. Because no conditional release program willing to accept defendant has been found, he remains in custody at the Arizona State Hospital. This appeal questions the propriety of that custody.

A.R.S. § 13–3994(C) provides:

If a person seeking release from confinement pursuant to subsection A of this section proves by clear and convincing evidence that he is either no longer suffering from the mental disease or defect established pursuant to § 13–502 or no longer a danger to himself or others, the person shall be released. If a person

**464**

seeking release from confinement pursuant to subsection A of this section proves by clear and convincing evidence that the factors specified in § 36–540.01, subsection A, paragraphs 1, 2, 3 and 4 apply to the person, the court may order the person's conditional release subject to the provisions of § 36–540.01, subsections B, C, E, F, G, H, I, K and L.

A.R.S. § 36–540.01(A) provides:

The medical director may issue an order for conditional outpatient treatment for a patient ordered to undergo treatment pursuant to § 36–540 if, after consultation with staff familiar with the patient's case history, the medical director determines with a reasonable degree of medical probability that all of the following apply:

1. The patient no longer requires continuous inpatient hospitalization.
2. The patient will be more appropriately treated in an outpatient treatment program.
3. The patient will follow a prescribed outpatient treatment plan.
4. The patient will not likely become dangerous or suffer more serious physical harm or serious illness if he follows a prescribed outpatient treatment plan.

The problem in this case arises from the fact that the trial court made a finding requiring unconditional release but at the same time ordered conditional release. The state contends that this creates an inconsistency requiring a remand for further proceedings. We disagree.

■■■■ While ordinarily the finding that defendant was no longer mentally ill would require his release under § 13–3994(C), the action of the trial court in this case, given the record before it, can only be read to permit a conditional release. Nonetheless we feel we must order defendant's unconditional release. All the evidence indicated that the defendant did not belong at the Arizona State Hospital and that no treatment benefit existed for him there. No justification for maximum security confinement existing, its continuation is unconstitutional. *State ex rel. Collins v. Superior Court,* 150 Ariz. 295, 723 P.2d 644 (1986).

It cannot be justified by the state's failure to provide less restrictive alternative forms of supervision geared to serving a legitimate state interest.

The matter is remanded with directions that the defendant be released unless an appropriate conditional release program is found within thirty days.

HATHAWAY and LACAGNINA, JJ., concur.