753 P.2d 154

**STATE of Arizona, Appellee,**

v.

**William Edward JOHNSON, Appellant.**

**No. CR–87–0117–PR.**

Supreme Court of Arizona,
En Banc.

April 19, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Janet Keating and Bruce M. Ferg, Asst. Attys. Gen., Phoenix, for appellee.

Cole & O'Neil by Mark A. Higgins, Casa Grande, for appellant.

MOELLER, Justice.

## JURISDICTION

Appellant William Edward Johnson was charged with murder, found not guilty by reason of insanity, and committed to the Arizona State Hospital. About sixteen months after his commitment, the trial court held a hearing on his status pursuant to A.R.S. § 13–3994. As a result of that hearing, the trial court ordered Johnson's release from the hospital on a conditional basis. The state had difficulty finding a facility which would accept Johnson under the terms of the conditional release order. On appeal, the court of appeals ordered Johnson released unconditionally unless, within thirty days, the state was successful in placing him with a facility pursuant to the terms of the trial court's conditional release order, 156 Ariz. 463, 753 P.2d 153. We granted review and have jurisdiction under Ariz. Const. art. 6, § 5(3).

## FACTS AND CASE HISTORY

William Edward Johnson is a long-time victim of severe mental illness and has repeatedly been diagnosed as schizophrenic. Since the onset of his disease in approximately 1974, he has led a nomadic life, wandering from place to place, frequently being hospitalized after episodes of bizarre behavior. Prior to his arrival in Arizona, he had been hospitalized at least five times in Canada, Michigan, Washington, and Utah. After being medicated and stabilized in the structured setting of a hospital, Johnson has suffered relapses upon his release. As he testified, "I get to feeling better and almost on top of the world so to speak, and I don't feel that I need any help, so I quit taking my medicine."

After arriving in Arizona, Johnson was twice hospitalized at the Arizona State Hospital. He was released from his second hospitalization there on April 18, 1984, and moved to Casa Grande, Arizona. He again failed to follow through on his out-patient treatment or to take his medication, this time with tragic consequences.

On June 16, 1984, less than two months after his release, Johnson beat his arthritic, wheelchair-bound neighbor to death with a tire iron. According to doctors who examined Johnson after the attack, Johnson was psychotic and delusional at the time of the attack and believed "that the Mafia was after him and that if he did not put a hit on the victim in this incident, he himself would be killed. He also felt that various people, specifically a group of Indians, were influencing his mind and thoughts, as well as his behavior."

Johnson was charged with first degree murder. The parties waived jury trial and submitted the case to the trial court on a stipulated record, which included many medical and psychiatric reports. The trial court found Johnson not guilty by reason of insanity. Pursuant to A.R.S. § 13–502(D), the trial court further found that Johnson would have been guilty of second degree murder but for his insanity. Based upon those findings and A.R.S. § 13–3994, the trial court committed Johnson to the Arizona State Hospital on January 4, 1985.[1]

Johnson's commitment was reviewed by the trial court in September 1985. He re-

---

1. Shortly after his arrest, Johnson had been admitted to the Arizona State Hospital as grave-ly disabled under A.R.S. § 36–540.

mained hospitalized because the trial court concluded that he had not shown that he was not a danger to others under A.R.S. § 13–3994(C). The trial court reviewed Johnson's commitment a second time in May 1986, and the resulting judgment is the subject of this appeal. At the hearing, uncontradicted evidence showed that Johnson still suffered from schizophrenia which was in remission as a result of treatment and medication. All of the doctors who submitted reports to the court or who testified in person agreed that if the medication were discontinued, the schizoid personality likely would reappear. The evidence also showed that Johnson had a history of discontinuing his medication when unsupervised, although some witnesses opined that the likelihood of his taking his medication if released now was greater than on his prior releases. The basis of this opinion was stated to be the belief that Johnson's killing of his neighbor had had a greater impact on Johnson than had the events which led to his earlier hospitalizations.

In spite of the uncontroverted evidence that Johnson had schizophrenia, albeit in remission, the trial court made a finding that Johnson no longer suffered from "mental disease or defect." The trial court ordered that Johnson be conditionally released pursuant to A.R.S. §§ 13–3994(C) and 36–540.01. Johnson moved for reconsideration contending that the trial court's finding that he no longer suffered from a mental disease or defect entitled him to an unconditional, rather than a conditional, release. This request was denied by the trial court.

Johnson appealed, contending that the inconsistency between the trial court's finding of no mental disease or defect and its order for a conditional release required a modification of the judgment from a conditional to an unconditional release. The state, on the other hand, contended that the inconsistency between the finding and the order required a remand to the trial court for further proceedings. The court of appeals recognized the inconsistency and acknowledged that a finding that a defendant was no longer mentally ill would ordinarily mandate an order of unconditional release

under A.R.S. § 13–3994(C). The court of appeals also acknowledged, however, that the trial court's order could only be read as authorizing a conditional, rather than an unconditional, release. The solution fashioned by the court of appeals was to order Johnson's unconditional release on the theory that the evidence, in its view, showed that Johnson did not belong at the state hospital, that no beneficial treatment existed for him there, and that it would be unconstitutional to keep him there. The court alternatively provided that the trial court's judgment for conditional release could stand if the state were successful in implementing it within thirty days.

We granted review to consider the propriety of the trial court's order and the court of appeals' opinion conditionally modifying it. During the pendency of the appeal, the record, with the permission of the court, has been supplemented a number of times. These supplements have outlined the difficulties the state has encountered in trying to place Johnson in an appropriate conditional release program as authorized by the trial court. The most recent supplement shows that Johnson has now been released from the hospital on a conditional outpatient treatment plan. This does not, of course, moot Johnson's claim that he is entitled to an unconditional release, nor does it moot the state's claim that further proceedings in the trial court are necessary.

## ANALYSIS

The record reflects a trial court finding that Johnson was no longer suffering from a mental disease or defect. If this record accurately reflects the trial court's intent, the trial court either made a finding having no factual support in the record or misapplied A.R.S. § 13–3994(C). The statute provides, in pertinent part:

> If a person seeking release from confinement ... proves by clear and convincing evidence that he is ... no longer suffering from the mental disease or defect established pursuant to § 13–502 ... the person shall be released.

■ The evidence at the hearing was uncontradicted that Johnson still had schizophrenia, although it was in remission by reason of treatment. We hold that a person who has a mental disease or defect is still "suffering" from it within the meaning of A.R.S. § 13–3994(C), even though the disease or defect is in remission due to treatment. Under this interpretation of the statute, there is no support in the record for the trial court's finding that Johnson no longer "suffers" from a mental disease or defect. There is also nothing in the record to show what sort of an order the trial court might have entered but for its erroneous finding.

■ We agree with the court of appeals that the trial court's finding in this case is inconsistent with its order for conditional release. We disagree with the court of appeals' conclusion that the solution is to convert the order into one for unconditional release. Neither the record in this case nor the case of *State ex rel. Collins v. Superior Court,* 150 Ariz. 295, 723 P.2d 644 (1986), relied upon by the court of appeals, compels Johnson's unconditional release on constitutional grounds. We do not wish to speculate as to what order the trial court might have fashioned based upon proper findings of facts and a proper application of the statute.

Under our statutory scheme, a defendant committed pursuant to A.R.S. § 13–3994 is entitled to an unconditional release if he convinces the court, by clear and convincing evidence, either that he no longer suffers from mental disease or defect or that he is no longer a danger to himself or others.[2] A.R.S. § 13–3994(C). Certainly, if he remains ill and dangerous, his continued hospitalization is justified. In *State ex rel. Collins* this court recognized that "[t]he state may legitimately confine individuals who are dangerous to themselves or to others and who are also in need of treatment." 150 Ariz. at 297, 723 P.2d at 646, citing *Jones v. United States,* 463 U.S. 354,

361–62, 103 S.Ct. 3043, 3048, 77 L.Ed.2d 694, 7,03 (1983).

If a defendant cannot establish his right to an unconditional release under the applicable statutes, he may establish his eligibility for a discretionary conditional release by showing that the four factors specified in A.R.S. § 36–540.01(A) are satisfied. Those factors are:

1. The patient no longer requires continuous inpatient hospitalization;

2. The patient will be more appropriately treated in an outpatient treatment program;

3. The patient will follow a prescribed outpatient treatment plan;

4. The patient will not likely become dangerous or suffer more serious physical harm or serious illness if he follows a prescribed outpatient treatment plan.

The prescribed outpatient treatment plans and programs referred to in the statute may, and frequently will, include a regimen of medication. Under the statute, failure to demonstrate that a patient will follow a reasonable and properly prescribed outpatient program renders that patient ineligible for conditional release. This statutory provision is entirely appropriate as failure or refusal to follow the prescribed outpatient plan, including medication, may bear directly upon the patient's potential dangerousness. *See* Zenoff, *Controlling the Dangers of Dangerousness: The ABA Standards and Beyond,* 53 Geo. Wash.L.Rev. 562, 587 (1985). *See also Matter of Johnston,* 118 Ill.App.3d 214, 218–19, 73 Ill.Dec. 743, 746, 747, 454 N.E. 2d 840, 843–44 (1983); *In re Bobo,* 376 N.W.2d 429, 432 (Minn.App.1985).

### DISPOSITION

The judgment of the trial court is reversed. The opinion of the court of appeals is vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion and with defendant's present condition.

---

**2.** The United States Supreme Court has impliedly approved placing the burden of proof on the patient where, as in Arizona, the criminal defendant has the burden of proving his insanity. *Jones v. United States,* 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983).

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.